**Winford Marlin BECK and Louise Beck, Plaintiffs,**

v.

**SOUTHERN RABBIT CORPORATION, Defendant.**

No. 9389.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 13, 1966.

---

Kirby G. Bailey, Henritze, Baker & Bailey, Atlanta, Ga., for plaintiffs.

Holcomb & McDuff, Marietta, Ga., for defendant.

SIDNEY O. SMITH, Jr., District Judge.

This is a case brought by plaintiff employees under the Fair Labor Standards Act. 29 U.S.C.A. § 201 et seq. At pre-trial, a motion equivalent to one for summary judgment was made by defendant-employer on the stipulated facts. The relevant facts as stipulated are as follows:

At all times mentioned in plaintiffs' petition Southern Rabbit Corporation was engaged in the business of selling rabbits to schools, universities, and various other institutions. The customers of Southern Rabbit Corporation used the rabbits supplied by said corporation in their various experimental projects. On some few occasions rats and guinea pigs were supplied to customers of Southern Rabbit Corporation. All animals supplied by Southern Rabbit Corporation were shipped in interstate commerce.

The animals supplied by Southern Rabbit Corporation were purchased from independent contractors and transported to defendants place of business in Marietta, Cobb County, Georgia, where they were either kept until they reached certain ages and weights as required by defendant's customers or immediately placed in shipping crates and forwarded on.

The sole question decided here is whether the activities of the defendant come within the definition of "agriculture" in 29 U.S.C.A. § 203(f) so as to be excluded under 29 U.S.C.A. § 213(a) (6) from both the minimum wage (§ 206) and overtime (§ 207) provisions of the Fair Labor Standards Act. 29 U.S.C.A. § 201 et seq.

29 U.S.C.A. § 213 provides:

"(a) The provisions of sections 206 [MINIMUM WAGE] and 207 [OVERTIME] of this title shall not apply with respect to—

\*    \*    \*    \*    \*    \*    \*

(6) any employee employed in agriculture \* \* \*."

29 U.S.C.A. § 203 states:

"As used in this Act—

(f) 'Agriculture' includes farming in all its branches and among other things includes \* \* \* *the raising of livestock*, bees, *fur-bearing animals, or poultry* \* \* \*."

In order to be exempt, the defendant must be found to be engaged in the "raising" of either livestock or fur-bearing animals within the meaning of the Act.

The use of "raising" in this statute includes the keeping, fattening and care of animals, and the fact that they are not bred on the premises, but are purchased elsewhere, does not itself remove the defendant from the exemption. 29 C.F.R. § 780.130 (1961) (Livestock) and § 780.133(b) (1961) (fur-bearing animals). Of course, if the activity were merely the crating and shipping of animals, no exemption based on "raising" animals would apply.

The present activities of the defendant do not appear to constitute the rais-

ing of livestock. As stated in the Administrator's regulations as amended on August 10, 1965:

Raising of "Livestock".

"The meaning of the term 'livestock' as used in section 3(f) is confined to the ordinary use of the word and includes only domestic animals ordinarily raised on farms. That Congress did not use this term in its generic sense is supported by the specific enumeration of activities of fur-bearing animals, which would be included in the generic meaning of the word. The term includes the following animals, among others: cattle (both dairy and beef cattle), sheep, swine, horses, mules, donkeys and goats. It does not include such animals as albino and other rats, mice, guinea pigs and hamsters, which are ordinarily used by laboratories for research purposes." 29 C.F.R. § 780.129 (1965)

■ It is thus obvious that the only type of animal intended in the *agricultural* exemption to this Act was a *farm* animal, and the use of the word "livestock" is consistent with this intent.[1] Non-farm raising of animals for another use, such as experimental animals, is not intended.

One exception to the rule that only domestic farm animals are included under the "livestock" exemption exists in the case of race horses. Although horses raised solely for the purpose of racing do not appear to be *farm* animals in the strict sense of that phrase, they are exempted. However, this exemption is limited to race horses raised on a farm, and activities such as the care and training of race horses done in connection with other commercial activities, such as a race track, are not considered exempt.[2] 29 C.F.R. § 280.131 (1961).

There remains the agricultural exemption based on the raising of fur-bearing animals. The definition of the Administrator in 29 C.F.R. § 780.133 (1961) provides:

Raising of fur-bearing animals.

"(a) The term 'fur-bearing animals' has reference to animals which bear fur of marketable value and includes, among other animals, rabbits, silver foxes, minks, squirrels, and muskrats. Animals whose fur lacks marketable value, such as albino and other rats, mice, guinea pigs, and hamsters, are not 'fur-bearing animals' within the meaning of section 3(f)."

■ Apparently the only case in this area of the law is Mitchell v. Maxfield (S.D.Ohio 1956) 12 W. H. Cases 792 (BNA), 29 Labor Cases 69,781 (CCH). There the employees worked for a defendant animal supply company which raised rabbits, rats, mice and guinea pigs principally for experimental and laboratory use. The defendant, as here, contended its activities were exempt under the agricultural exemption of the Act. The Court held that the raising of rats, mice and guinea pigs was clearly not exempt as "agriculture", and therefore the defendant's activities were not exempt. However, the court expressly refrained from ruling on the classification the rabbits, which is the question presented here i. e. whether the purchase, keeping and ultimate sale of experimental and laboratory animals is exempt as the raising of fur-bearing animals because a majority of the animals are rabbits.

It is the opinion of this court that this question must be answered in the negative. The clear intent of the agricultural exemption is to exempt agricultural or farm activities. The non-farm commercial activity of buying animals (rabbits or others) from farmers and other "independent contractors", caring for and feeding most of them until they meet buyers' specifications, and then selling

---

1. Webster's New International Dictionary (2 ed.) defines Livestock: "Domestic animals used or raised on a farm, esp. those kept for profit."

2. See, for example, letter of Administrator Clarence T. Lundquist dated April 6, 1962, as to race horses and racing dogs.

**1008**

them as experimental animals, as is the case here, does not constitute the raising of fur-bearing animals, and is not exempt as "agriculture". The fact that rabbits raised solely for experimental purposes by this defendant may also be raised by others as fur-bearing animals is not a valid basis for exempting this defendant.

If the defendant were in this business as a part of the operation of a farm, a different question might be presented.

It is so ordered.